UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3137 PSG (PLAx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. 5001 E. Florence Ave, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    The Court DENIES the motion

Before the Court is Defendants Azardokht Rita, Inc. and 5001 E. Florence Ave, LLC's ("Defendants") motion to dismiss. *See* Dkt. # 31 ("*Mot.*"). Plaintiff Rafael Arroyo, Jr. ("Plaintiff") opposes the motion, *see* Dkt. # 34 ("*Opp.*"), and Defendants replied, *see* Dkt. # 35 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I.    Factual Background

Plaintiff is a paraplegic who uses a wheelchair for mobility. *See Complaint*, Dkt. # 1 ("*Compl.*"), ¶ 1. Plaintiff went to a Chevron gas station, which was owned by Defendant Azardokht Rita, Inc., and located on property owned by Defendant 5001 E. Florence Ave, LLC, in March 2019 "with the intention to avail himself of its goods or services and to assess the business for compliance with the disability access laws." *See id.* ¶¶ 3 4, 10. Plaintiff alleges that he personally encountered a barrier at the gas station  namely, a lack of accessible paths of travel, for example, there was "no safe wheelchair accessible route of travel from the boundary of the site to the entrance of the Gas Station store"  that denied him full and equal access to the store. *See id.* ¶¶ 12 16, n.1. Plaintiff also alleges that, although he did not personally confront the barrier, Defendants did not provide accessible restrooms in conformance with ADA standard, for example, "the mirror is mounted higher than that allowed by law." *See id.* ¶¶ 18 19, n.2. He further alleges that he intends to return to the Gas Station but is deterred from doing so because of the existing barrier and "the existence of yet other barriers on the site." *See id.* ¶ 22.

On April 23, 2019, Plaintiff filed suit in this Court, requesting injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3137 PSG (PLAx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. 5001 E. Florence Ave, LLC, et al. | | |

injunctive relief and monetary damages under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51 53. *See generally id.*

II.   Procedural Background

On May 14, 2019 Defendant Azardokht Rita, Inc. requested a stay and early mediation. *See* Dkt. # 13. The Court granted the application to stay the case on May 28, 2019, with the ADR proceeding to be completed no later than August 15, 2019. *See* Dkt. # 19. However, on June 4, 2019, Plaintiff requested the clerk enter default against both Defendants 5001 E. Florence Ave, LLC, and Azardokht Rita, Inc., on the ground that Defendants had failed to appear or otherwise respond to the complaint, and default was entered on June 5, 2019. *See* Dkts. # 15 18. Although the Court had granted the application for stay on May 28, 2019, the order was not docketed to the CM/ECF system until June 7, 2019, and meanwhile, Plaintiff had requested and the Court had entered default against both Defendants. Realizing this error, on June 14, 2019, the Court set aside default for Defendant Azardokht Rita, Inc., because the order granting the stay and early mediation went into effect before the entry of default. *See* Dkt. # 20. On August 30, 2019, the parties stipulated to extend the time for Defendant to file a responsive pleading to the complaint by not more than nine days: to September 6, 2019. *See* Dkts. # 26, 28.

On August 7, 2019 the Court ordered Plaintiff to show cause why it should not decline to exercise supplemental jurisdiction over the Unruh Act claim. *See* Dkt. # 22 (citing *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025 (S.D. Cal. 2017)). The Court received Plaintiff's response on August 23, 2019. *See* Dkt. # 25.

On September 10, 2019 the Court declined to exercise supplemental jurisdiction over the state law claim, and dismissed that claim without prejudice. *See* Dkt. # 29. Also on September 10, 2019, Plaintiff requested the Clerk enter default against Defendant Azardokht Rita, Inc., on the ground that the Defendant has failed to appear to otherwise respond to the complaint. *See* Dkt. # 30. Also on September 10, 2019, Defendant Azardokht Rita, Inc. filed this motion to dismiss the case. *See Mot.*

III.   Local Rule 7-3

The Local Rules and this Court's standing order require counsel to meet and confer at least seven days prior to filing a motion like the one at issue. *See* L.R. 7-3; *Standing Order* ¶ 5(b). Local Rule 7-3 provides that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3137 PSG (PLAx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. 5001 E. Florence Ave, LLC, et al. | | |

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Similarly, the Court's Standing Order states:

> Counsel must comply with Local Rule 7-3, which requires counsel to engage in a prefiling conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor or otherwise nonsubstantive matters during the conference.

*Standing Order* ¶ 5(b).

  Defendant Azardokht Rita, Inc.'s counsel was retained on August 28, 2019. *See Mot.* 2:15 16. Defendant's counsel states that counsel has complied with Local Rule 7-3 because counsel has "attempted to reach Plaintiff's counsel to no avail." *See id.* 2:25 27. Defendant states that Plaintiff has filed a request for the entry of clerk's default. *See id.* 2:21 24. Defendant then states that, "[w]ith no other option, Defendant Azardokht Rita, Inc. files a responsive pleading in order to avoid the entry of yet another default." *See id.* 2:25 3:1. However, Defendant does not indicate when Defendant's counsel attempted to reach Plaintiff's counsel, nor what methods they used. Instead, Defendant attaches an email sent from Defendant's counsel to Plaintiff's counsel on September 10, 2019 the *same day* that Defendant filed the motion. *See* Dkt. # 31-3.

  Both L.R. 7-3 and the Court's Standing Order clearly state that the parties should meet and confer *before* filing a motion: at least seven days before. Therefore, Defendant has not properly complied with the meet-and-confer requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3137 PSG (PLAx) | Date | November 7, 2019 |
|---|---|---|---|
| Title | Rafael Arroyo, Jr. v. 5001 E. Florence Ave, LLC, et al. | | |

The Court generally does not excuse noncompliance with Rule 7-3. The meet-and-confer requirements of Local Rule 7-3 are in place for a reason, namely to conserve the resources of the parties and the Court by "allow[ing] for a possible informal resolution of an issue without court intervention, but also [to] enable the parties to brief the remaining disputes in a thoughtful, concise and useful manner." *See Caldera v. J.M. Smucker Co.*, CV12-4936 GHK (VBKx), 2013 WL 6987905, at *1 (C.D. Cal. Jun. 3, 2013) (internal quotations omitted). This is especially true in this case, where it appears both parties could have benefited from a meeting.

Accordingly, because this Court is "unwilling to excuse non-compliance with the Local Rules," *see Superbalife Int'l v. Powerpay*, No. CV 08-5099 PSG, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008), the Court **DENIES** Defendant's motion.

III.   Conclusion

Accordingly, the Court **DENIES** Defendant's motion to dismiss. Plaintiff's request for entry of default, *see* Dkt. # 30, is rendered **MOOT** by Defendant's filing. Per this Court's order, the state law claim under the Unruh Civil Rights Act has been dismissed and the only remaining claim is the ADA claim, *see* Dkt. # 29.

**IT IS SO ORDERED.**